**In the Matter of Robert WILLIAMS, and Annie Williams, Debtors.**

No. 82 C 3520.

United States District Court, N.D. Illinois, E.D.

Sept. 30, 1982.

Keith Tracy, O'Connell, Holstein & Assoc., Chicago, Ill., for petitioners-debtors.

Craig Phelps, Chicago, Ill., Trustee in bankruptcy.

**MEMORANDUM OPINION AND ORDER APPEAL OF BANKRUPTCY COURT DECISION**

PARSONS, Senior District Judge.

This is an appeal from an order of the Bankruptcy Court dismissing a Chapter 13 petition on the ground that the petition has been filed in bad faith. The record on appeal as perfected before this court includes the transcript of the proceeding held in the Bankruptcy Court on April 19, 1982. The case was completed for purposes of appeal on May 7, 1982 and docketed in this court on June 8, 1982. The court having reviewed this matter, including the Statement of Issues waives the filing of briefs and enters its order in the appeal herewith.

The debtors' voluntary petition under Chapter 13 was made and signed jointly by husband and wife, Robert and Annie Wil-

liams. The original plan showed the debtors offering to those of their secured creditors—who agree to the plan, the retention of their liens and of the full value of their securities. Under the plan unsecured creditors were to be paid 10% of the total of their claims in accordance with a program to be approved by the court. The plan called for a 36 month payment program. Robert Williams in his Chapter 13 Statement listed himself as employed, earning $250.00 a week gross, with a net take home pay of $194.00. Annie Williams listed herself as unemployed with a weekly gross and net take home pay of $154.00. This was received from Unemployment Compensation. The projected balance sheet showed the future estimated monthly expense of the couple and their 11 year old daughter to be $1,200.00 and their joint future estimated monthly income to be $1,496.00. After payment of a $105.00 assessment for distribution through the trustee under the plan, they would have had left a $191.00 margin for their incidentals. The schedule of debts further showed almost $2,700.00 of secured claims and almost $6,000.00 of unsecured claims. The petitioners proposed to exempt their 1975 Oldsmobile Toronado automobile, and all of their household furniture and goods, causing these creditors with liens thereon first to have to look to the $105.00 monthly assignment as unsecured creditors for the balances owed them.

The trustee, Craig Phelps, set the matter for first meeting of creditors on March 8, 1982, at which time only the husband, Robert Williams, appeared. When he arrived he told the creditors that his wife was ill. He left to go to the hospital without answering any questions or giving any evidence. At the next creditors' meeting neither the husband nor the wife appeared. Finally the trustee noticed up the matter on his own motion seeking to have the matter dismissed due to unreasonable delay on the part of the debtor. At this hearing, neither debtor appeared. The debtors' attorney was there, however, and explained to the Bankruptcy Judge that Mrs. Williams was still in the hospital and though she was unemployed when she filed the petition she had been in the hospital ever since. He explained that she has a job, and that as soon as she can be released from the hospital and recuperates, she will be going back to work.

The court properly confronted the debtors' attorney with the information shown on the original statement, to-wit, that Mrs. Williams was unemployed and the source of her income was unemployment compensation. The debtors' attorney had no evidence upon which he could change the original Chapter 13 statement to show that Mrs. Williams was actually employed instead of being unemployed.

■ There is no question but that unemployment compensation is statutorily exempt property under the Bankruptcy Laws, and in a Chapter 13 schedule its exempt status is not waived if it is not scheduled in the listing of exempt properties. On the other hand, if it is listed as future income from which contribution may be made to the fund for the benefit of creditors a question is raised as to whether or not the plan should be approved. This court has been unable to find any case which addresses this question squarely, and very likely numerous plans have included the remainder of unemployment compensation payments expected to be received as a part of the corpus of fund from which the payment of unsecured creditors is to be made. At the same time because of the intended benevolent-life-sustaining purposes of unemployment compensation, a good argument could be made that in Section 522, Congress intended that the exempt character of unemployment compensation not be the subject of waiver.

■ Here, however, is a petition which is at least inaccurate on its face, if not, as the Bankruptcy Judge labeled it, fraudulent. The debtors used the total of the unemployment compensation per month ($662.00) as a part of the family's joint "take home monthly income" of $1,496.00 the source of the amount of the plan's payment to the trustees for the benefit of creditors. The total monthly expenses of the family was listed at $1,200.00, leaving $296.00 out of

which the fund for creditors would be $105.00, with a buffer amount of $191.00. While the husband's income from his job would be presumed to continue on through the 36 months of the plan, the wife's unemployment compensation as income could not without legislative action continue from its beginning more than 26 weeks—one-sixth of the life of the plan. Even if the special extensions of 13 and 10 weeks were considered, you still would have a plan that could collapse before it would be one-third completed. All of this, of course, presumes that at the time of the filing of the proposed plan the unemployment compensation had its full course to run.

It is obvious that persons are not entitled to relief under Chapter 13, when they tender a 36-month plan that depends on funds to be received from unemployment compensation. And it is no cure for this impropriety to allege that Mrs. Williams, who is soon to be released from the hospital months after the plan was tendered, merely expects "to be able to return to work."

The Bankruptcy Court was on good grounds to properly change the reason for its dismissal of the petition from that of debtor delay, as requested by the trustee, to the charge of the filing of the plan in bad faith.

At the same time, this case proceeded on and on without progress from January 21, 1982 to this date, September 8, 1982. It can be noted that the unlawful nature of the contribution of Annie Williams to the plan very likely would have been discovered long ago had the debtors appeared and testified at the first or second meeting of the creditors. The judgment of the Bankruptcy Court in this matter would have been proper under either consideration. The judgment is therefore affirmed, and this appeal is dismissed.